## SCHOENROCK v. STATE OF INDIANA.

[No. 24,285. Filed November 13, 1923.]

1. EMBEZZLEMENT.— *Indictment.*— *Elements of Crime.*— An indictment for embezzlement under §2285 Burns 1914, Acts 1905 p. 584, must allege a right of possession in the employer of the accused of the thing charged to have been embezzled, and an indictment which charges a cashier of a bank with embezzlement of bonds which he received for deposit, but fails to allege any right of possession of such bonds in the bank, is fatally defective. p. 583.

2. EMBEZZLMENT.—*Elements of Offense.*—*Employment of Accused.*—The cashier of a bank who receives over the counter bonds of a depositor for deposit, and diverts them to the use of the bank, cannot be considered as the employe of the depositor so that a charge of embezzlement may be sustained against him for such diversion. p. 584.

3. EMBEZZLEMENT.—*Elements of Offense.*—*Violation of Confidence.*—The statutes defining and punishing embezzlement are for the protection of employers against the frauds of those in whom they have confided, and where no confidence is reposed, and none is violated, the crime is not committed. p. 584.

From Marion Criminal Court (53,885); *James A. Collins,* Judge.

Henry Schoenrock was charged with embezzlement. From a judgment of conviction, he appeals. *Reversed with instructions.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was prosecuted by indictment for a violation of §2285 Burns 1914, Acts 1905 p. 584, which defines the offense of embezzlement by employes. The indictment, omitting the formal parts, is as follows: "The grand jurors for the county of Marion and State of Indiana, upon their oaths, present that Henry Schoenrock, on or about the 1st day of December, A. D. 1921, at and in the county of Marion and State aforesaid, being then and there an employe and cashier of one, the Beech Grove State Bank, (a corporation), receive for the said Beech Grove State Bank, (a corporation) and take into his possession by virtue of his said employment as aforesaid, the following property, to wit: two Four and One Quarter per cent (4¼%) First Liberty Loan Converted Bonds of the United States of America then and there of the

value of One Thousand ($1,000.00) Dollars being then and there the property of one, Charles Lancaster then and there being and to the possession and ownership of which bonds the said Charles Lancaster was then and there lawfully entitled; that the said Henry Schoenrock while in the employment of said Beech Grove State Bank (a corporation), and in possession and control of such bonds as aforesaid, did then and there unlawfully, feloniously and fraudulently without the consent of the said Charles Lancaster, take, purloin, secrete, embezzle and appropriate the said bonds then and there the property of the said Charles Lancaster then and there of the value of One Thousand ($1,000.00) Dollars, for the use and benefit of the said Beech Grove State Bank (a corporation), then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

After a motion to quash the indictment had been made and overruled, a trial by jury resulted in a verdict of guilty as charged. A motion for a new trial was made and overruled. Appellant then moved in arrest of judgment which motion was overruled. Exceptions to the action of the court in overruling each of said motions were duly taken. The court then rendered judgment on the verdict of the jury. Appellant then appealed, and the errors assigned are: 1. The court erred in overruling appellant's motion to quash the indictment. 2. The court erred in overruling appellant's motion for a new trial. 3. The court erred in overruling appellant's motion in arrest of judgment.

The first cause assigned in appellant's motion to quash the indictment is that the facts stated in the indictment do not constitute a public offense.

Section 2285 Burns 1914, supra, provides as follows: "Every officer, agent, attorney, clerk, servant or em-

ploye of any person, firm, corporation or association, who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way appropriate to his own use, or to the use of others, or who shall knowingly permit any other person to take, purloin, secrete or in any way appropriate to his own use, or to the use of others, any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, firm, corporation or association in whose employment such officer, agent, attorney, clerk, servant or employe may be, shall be deemed guilty of embezzlement.  *  *  *"

The appellant urges that the indictment does not allege that the employer of the appellant was entitled to the possession of the bonds alleged to have been embezzled, and that the property came into the possession of the accused by virtue of his employment. He claims that for these reasons the indictment is insufficient on motion to quash.

An essential element of the crime of embezzlement as defined by the statute under which this indictment is drawn is the employer's right of possession of the thing embezzled. *State* v. *Nugent* (1914),

1.

182 Ind. 200. The indictment in this case not only fails to allege a right of possession in the employer of appellant of the thing charged to have been embezzled, but alleges the right of possession to be in another, a person named Charles Lancaster.

In *Ritter* v. *State* (1887), 111 Ind. 324, it is held that the word "employe" has a well-defined meaning, and in an indictment for embezzlement against one employed by another charging him with having embezzled the funds of his employer it is sufficient to describe

him as an employe without setting out the facts constituting the employment.

If, in the case at bar appellant was not employed by Charles Lancaster in any capacity or for any purpose he was not guilty of the crime of embezzlement

2. as defined in our statute. The indictment fails to allege that he was employed by the said Lancaster, or that he came into possession of the bonds named in said indictment by virtue of such employment; but it does allege that he came into possession of them by virtue of his employment as cashier of the Beech Grove State Bank, a corporation, but it contains no averment that the Beech Grove State Bank, a corporation, was entitled to the possession of such bonds.

Embezzlement is the fraudulent appropriation of such property as the statutes make the subject of embezzlement, under the circumstances in the statutes pointed out, by the person embezzling, to the injury of its owner. 2 Bishop, Criminal Law (7th ed.) §325.

The statutes are for the protection of employers against the frauds of those in whom they have confided, and where no confidence is reposed, and

3. none is violated, the offense is not committed. 2 Bishop, Criminal Law (7th ed.) §352.

In *Axtell* v. *State* (1910), 173 Ind. 711, the court said, "It is vital to a charge of embezzlement, under §2285, *supra*, that it appear on the face of the

2, indictment that at the time of the commission of the alleged offense there existed between the defendant and the injured party, by contract of employment or otherwise, the relation of special confidence, and that by virtue of such relation the accused was intrusted by the party defrauded with the property embezzled." This construction of the statute in *Axtell* v. *State, supra,* is supported by abundant authority. *Ritter* v. *State, supra; Colip* v. *State* (1899), 153 Ind.

584, 74 Am. St. 322; *Vinnedge* v. *State* (1906), 167 Ind. 415; *Wright* v. *State* (1907), 168 Ind. 643; *Wynegar* v. *State* (1901), 157 Ind. 577; *Agar* v. *State* (1911), 176 Ind. 234; 20 C. J. 469, Embezzlement, §66.

The attorney-general, in support of this indictment, has cited numerous decisions from other jurisdictions; but it does not appear that they were rendered on statutes which were in words or meaning the same as the statute of our state, consequently they are not controlling.

On account of the defects above pointed out, we hold that the facts stated in the indictment do not constitute a public offense and that the indictment was not sufficient to withstand either a motion to quash or a motion in arrest.

The only other question presented by appellant's brief is the sufficiency of the evidence to sustain the verdict and need not be considered in this opinion.

Judgment reversed, with instructions to sustain appellant's motion to quash the indictment.