WALTER *v.* STATE OF INDIANA.

[No. 26,467. Filed April 10, 1936. Rehearing denied June 30, 1936]

*Robert Procter, Dudley W. Gleason, H. W. Mountz* and *Claude Cline,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *James D. Sturgis* and *Maurice T. Harrell,* Assistant Attorneys-General, for the state.

TREMAIN, J.—The appellant was indicted, tried by a jury, convicted, and sentenced on a charge of embezzlement as defined by section 10-1704, Burns' Ann. St. 1933, §2467, Baldwin's 1934.

The essential averments of count 2 of the indictment upon which he was tried are as follows: That on or about the 19th day of June, 1931, in LaGrange County, Indiana, the LaGrange County Trust Company was duly

organized and operating as a loan, trust, and safe deposit company, pursuant to the laws of Indiana; that Rollo N. Walter was then and there an officer, to wit: the secretary-treasurer of the said LaGrange County Trust Company, and an employee thereof in the transaction and conduct of its business as a trust company; that on or about said date, one Sabra Bogue was the owner and in possession of certain United States Liberty Loan Bonds, registered in the name of her deceased husband, the number and amount of each of which are fully described in the indictment, totaling the sum of $1,300; that she desired to have said bonds registered in her own name, and then and there delivered the same to the said LaGrange County Trust Company and said Rollo N. Walter, secretary-treasurer, for the purpose of having the same so registered in her name; that said Rollo N. Walter then and there as such employee of said trust company obtained access to, possession and control of said bonds, to the possession of which the said LaGrange County Trust Company was then and there lawfully entitled for the purpose aforesaid, which said bonds, articles, and things of value were then and there of the value of $2,000; that said Walter then and there, while such officer and secretary-treasurer and in such employment, unlawfully and feloniously took, purloined, secreted, and appropriated to his own use and to the use of the LaGrange County Trust Company, said bonds held by said LaGrange County Trust Company as aforesaid, and the same were wholly lost to the said Sabra Bogue.

Upon appeal to this court the appellant relies upon the following errors for reversal of the cause: First, the court erred in overruling appellant's motion to quash the second count of the indictment. Second, the court erred in overruling the appellant's motion in arrest of

judgment. Third, the court erred in overruling the appellant's motion for a new trial.

The grounds upon which appellant asked the court to quash the indictment are: That the facts stated therein do not constitute a public offense; that a public offense is not stated with sufficient certainty in that it is therein alleged that the defendant (appellant) unlawfully appropriated the bonds therein described to his own use and to the use of the LaGrange County Trust Company, by reason of which allegation, the statements of said indictment are conflicting and uncertain.

The motion in arrest of judgment is based upon the same grounds as stated in the motion to quash.

The statute under which the appellant was indicted, tried, and convicted (Burns' *supra*), among other things provides that every officer, agent, attorney, clerk, servant, or employee of any person, firm, corporation, or association, who, having access to, control or possession of any money, article, or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his own use, or to the use of others, any money, coins, bills, notes, credits, choses in action, or other property or article of value belonging to or deposited with or held by such person, firm, corporation, or association in whose employment such officer, agent, attorney, clerk, servant, or employee may be, shall be deemed guilty of embezzlement.

The appellant contends that the indictment is bad for duplicity and uncertainty, for the reason that it is charged that the bonds were appropriated to his own use and to the use of the LaGrange County Trust Company, to the possession of which the said LaGrange County Trust Company was then and there lawfully entitled; that it does not state a public offense because the allegations are that he was the em-

ployee of the LaGrange County Trust Company and not of Sabra Bogue; that there is no allegation that appellant had possession of said bonds by virtue of his employment, and therefore said count of the indictment is insufficient.

There is no contention upon the part of the state that the appellant was an employee of Sabra Bogue. The indictment charges that he was an officer, employee, and secretary-treasurer of the LaGrange County Trust Company; that Sabra Bogue was the owner and in possession of the Liberty Loan bonds described therein, and delivered the same to the trust company through its secretary-treasurer, the appellant, for that purpose, i.e., for the purpose of having said bonds registered in the name of Sabra Bogue.

It is not alleged in the indictment, nor is it contended by the appellant that the LaGrange County Trust Company was the owner of said bonds, but was the possessor thereof for one purpose only. The appellant as the employee and officer of the trust company received the possession from Sabra Bogue. That possession which he received was for and upon behalf of the trust company.

It is charged in the indictment that after the trust company came into possession of said bonds, the appellant did not do the thing Sabra Bogue directed to be done when she parted from the possession, not the ownership, and placed that possession in the trust company; that the appellant as the officer and employee, possessing access to, possession and control of said bonds, to the possession of which the trust company was then and there entitled for the purpose of having them registered in the name of Sabra Bogue, then and there, etc., appropriated said bonds to his own use and the use of the trust company. Neither the trust company nor any employee or officer thereof possessed any authority to deal with said bonds in any manner different from that di-

rected by Sabra Bogue. If, as charged in the indictment, the appellant appropriated said bonds to his own use and the use of the trust company at a time when he was an employee and officer of the trust company, the indictment is sufficient to bring him well within the provisions of the statute.

In contending that the indictment is insufficient, the appellant relies upon the case of *Schoenrock* v. *State* (1923), 193 Ind. 580, 141 N. E. 351, and other similar cases. These authorities are not in point in the case at bar. In the Schoenrock case the indictment charged that he was the employee and cashier of the Beech Grove State Bank; that one Lancaster was the owner of the Liberty Bonds and delivered the same to Schoenrock for the Beech Grove State Bank; that he took the same into his possession, the said "Lancaster then and there being and to the possession and ownership of which bonds the said Charles Lancaster was then and there lawfully entitled." It is alleged that while Schoenrock was in the employ of said Beech Grove State Bank, and in possession and control of said bonds, he unlawfully, etc., and without the consent of said Lancaster embezzled the same.

It will be noted that the Schoenrock case is different from the case at bar in this: That it is charged that the cashier appropriated bonds without the consent of Lancaster, to the possession of which said Lancaster was entitled. It is not alleged that Schoenrock was the employee of Lancaster, but it is alleged that he was the employee and officer of the Beech Grove State Bank. It is not alleged that the bank was in possession of the bonds. Under the statute he must be the employee and officer or agent of the person who is entitled to the possession of the property embezzled. Under the statute the indictment in the Schoenrock case was insufficient.

In the case at bar it is alleged that the LaGrange County Trust Company was in possession of the bonds for the purpose of having them registered in the name of the owner; that the appellant, an employee and officer of the trust company, appropriated said bonds to his and the trust company's use. The indictment is sufficient to withstand a motion to quash. Also, there was no error in overruling a motion in arrest of judgment.

The evidence introduced by the state fully supports all the material allegations of the indictment. Sabra Bogue was seventy-two years of age and the widow of Augustus Bogue, who had died two years before the transactions involved in this prosecution. At the time of his death he was the owner of United States Liberty Bonds registered in his name. The widow was his sole heir. She took $1,300 of bonds registered in her husband's name to the LaGrange County Trust Company on June 19, 1931, for the purpose of having them registered in her name. The appellant acted for the trust company in receiving the possession of said bonds from Sabra Bogue, and informed her that the bonds would be returned in a short time registered in her name. Instead of sending the bonds in for the purpose of registration, the appellant, after securing the necessary transfer documents, sent the bonds to the Old National Bank of Fort Wayne where the LaGrange County Trust Company was given credit on its account with that bank.

The facts disclose that at the time the bonds came into the possession of the LaGrange County Trust Company, its cash reserve was low, its account with the Old National Bank was very low, and had been overdrawn, the state treasurer had deposited $10,000 of the state's funds with the trust company and was threatening to withdraw the same, and several letters and copies of letters between the state treasurer and the appellant as

secretary-treasurer of the trust company were introduced in evidence. Other letters and documents disclosing an effort upon the part of the appellant to secure funds from the Federal Intermediate Credit Company were introduced in evidence. Correspondence between the appellant and the bank commissioner of Indiana was introduced disclosing the strained financial condition of the trust company.

It was under this strained financial condition of the trust company that it received said bonds from Sabra Bogue. Thereafter, from time to time, she called upon the appellant and made inquiry as to why her registered bonds had not been delivered to her. Each time the appellant informed her that he expected the bonds to be received within a few days. It is in evidence that in addition to the Liberty Bonds, Mrs. Bogue delivered an additional thousand dollars to the appellant with which to purchase Federal Land Bank Bonds, which was not done; that the thousand dollars and the thirteen hundred dollars of United States Liberty Bonds, premiums and accrued interest, were deposited by the appellant in the Old National Bank to the credit of the trust company. That the LaGrange County Trust Company was closed August 8, 1931. At the conclusion of the state's evidence, the appellant rested his case without offering any evidence in his own behalf.

Under the appellant's assignment that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, he discusses the manner of handling Sabra Bogue's account on the books of the trust company. The evidence discloses that Sabra Bogue knew nothing about the records or as to how her account was handled. The records show that the appellant caused the account of Sabra Bogue to be placed in the Savings Department with a notation made by him on the savings department pass book as follows: "bonds to be bought

in the name of Sabra A. Bogue." There is no evidence that Mrs. Bogue knew anything about the method of registering bonds in her name. On the contrary the evidence shows that she had confidence in the LaGrange County Trust Company and depended upon its officers to attend to that matter for her. She was inexperienced in such matters, and did not know that her bonds had been appropriated or that the records disclosed that she had a savings account in the trust company until after August 8, 1931. The verdict of the jury is sustained by the evidence and is not contrary to law.

Complaint is made of the court's instruction Number 6 which told the jury that the theory of the second count of the indictment is that the bonds therein described were the property of Sabra Bogue; that she intrusted them to the LaGrange County Trust Company, a corporation, as her agent, to have them transferred into her name; that appellant was then and there an officer, to wit: secretary-treasurer of said Lagrange County Trust Company and an employee thereof, and as such officer and employee, obtained access to, possession and control of said bonds so intrusted to the trust company for such purpose, and while so acting converted, etc.

The instruction then states, "that to warrant a conviction under this count, it is necessary for the evidence to convince you beyond a reasonable doubt . . . that the said bonds or some of them, were the property of Sabra Bogue; that she intrusted them to the LaGrange County Trust Company, a corporation, as her agent, to have them transferred into her name."

The particular objection to the instruction is that it uses the phrase "as her agent," and omits from consideration the matter of "possession" at the time of the embezzlement. The recital "that she intrusted them to the LaGrange County Trust Company as her agent, to

have them transferred into her name" carries with it the distinct idea of possession. The jury could not have been misled by that part of the instruction.

The instruction is further criticized because it is not charged that the appellant obtained possession of said bonds "by virtue of his employment" and relied upon *Bowen* v. *State* (1920), 189 Ind. 644, 128 N. E. 926, and other similar cases. That authority is not controlling in the case at bar. It was there charged that the instruction related to the effect of the appellant acting as a "director, agent or employe," using the disjunctive "or" instead of the conjunctive "and." The court made the same use of the disjunctive in relation to the appellant's "access to, control, or possession of funds." This court held the indictment bad for that reason.

Also, it was pointed out in that case that the instruction wholly omitted any reference to the appellant's control and possession as having been by virtue of his employment.

In the case at bar the disjunctive is not used, but the conjunctive "and" is used in the description of the appellant's access to, control and possession, and is not open to the objection made in the Bowen case that the appellant there had "access to" but not possession. If he had "access to" and nothing more, the charge would have been larceny rather than embezzlement. The instruction sufficiently recites the necessity of proving that it was by virtue of the appellant's position as secretary-treasurer, and by virtue of his employment in the trust company, that he came into possession of the bonds.

This question was before the court in *Green* v. *State* (1933), 204 Ind. 349, 184 N. E. 183, wherein several of its decisions are reviewed, and it is held to be fundamental that, in embezzlement, the taking and receiving

part of the charge must be connected and coupled with the statement that such taking and receiving was by virtue of the office, agency, or employment. The court then said (p. 353):

"We do not understand by this statement that it is absolutely necessary to use the exact words by 'virtue of the office,' in order to make an indictment good. If other words are used which convey the same meaning the indictment will be good."

So with the instruction now under consideration, other words are used which make the meaning clear, certain, and definite. The instruction as a whole states the law correctly.

In the trial of this case many exhibits were introduced in evidence which did not pertain directly to the transactions of the appellant in connection with the charge filed against him. They pertain to other similar transactions. One Mrs. Schenk was permitted to testify upon behalf of the state concerning certain conversations and transactions which she had with the appellant in reference to a sum of money claimed by her to have been placed in the possession of the LaGrange County Trust Company and the appellant with instructions that it be used in the purchase of bonds, which were not purchased. The court instructed the jury that it should consider such evidence only for the purpose of determining the motive and intent of the appellant in causing the bonds described in the indictment to be sold and the proceeds placed to the credit of the trust company in the Old National Bank of Fort Wayne. In other words the instruction properly limited such evidence and testimony to the consideration of the jury upon the one question only—that of determining the motive and intent.

Among other items in the evidence objected to was a number of carbon copies of letters which were in the

files of the trust company at the time it closed, and were kept, as testified by a clerk of the trust company, in the usual course of its business in the files where found. In connection with said carbon copies there were also filed the original letters acknowledging receipt of letters by appellant as secretary-treasurer of the trust company, and identifying the subject-matter therein mentioned. Most of these letters and carbon copies concerned the transactions relative to the Bogue bonds. Some of them concerned the condition of the account of the trust company in the Old National Bank. Other letters constituted the correspondence between the appellant and the Treasurer of State; some were between him and the State Bank Commissioner and other parties pertaining to the strained financial condition of the trust company. When the carbon copies found in the files of the trust company are read in connection with letters to which they were an answer, or to which the reply from the other party fully identified and connected the two, they make a connected story concerning which there could be no doubt as to the authenticity of the carbon copies.

Carbon copies of letters which were found among the records of the trust company, and were introduced in evidence, were objected to on the ground that there had been no accounting for the absence of the originals. These carbon copies constituted a part of the records of the trust company which were kept in a regular manner and in the regular course of business as above described, under the supervision and control of appellant, and were placed in the hands of the receiver and were admissible as original records. *People* v. *Munday* (1917), 280 Ill. 32, 117 N. E. 286, 296; *Massachusetts Bonding and Insurance Co.* v. *State ex rel. Summers* (1925), 82 Ind. App. 377, 149 N. E. 377.

All of these carbon copies, especially when read in

connection with the original answers and replies thereto, give an unmistakable and connected account of matters which were pertinent and competent. Instruction Number 9 limited the use of the letters, and the testimony of Mrs. Schenk to the question of intent and guilty knowledge. The instruction was proper.

It is contended that the letters which referred to the financial condition of the trust company were improper to be introduced in evidence and had a prejudicial effect upon the jury. It is true that the solvency or insolvency of the trust company had no bearing upon the charge of embezzlement. The charge of embezzlement was fully established by other evidence before the carbon copies were introduced. The court's instruction carefully limited the consideration of the contents of such letters, by the jury, to the question of intent and guilty knowledge. When so considered in connection with all the other evidence in the case, it cannot be held that the receipt of such evidence is improper.

Finding no reversible error in the proceedings of the trial court, the judgment is affirmed.