WALTER *v*. STATE OF INDIANA.

[No. 26,835. Filed October 26, 1937.]

*Claude Cline* and *Howard W. Mountz,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northan,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an appeal from a judgment of

the Steuben Circuit Court denying the petition of appellant for a writ of error *coram nobis*.

The petition for the writ, in substance, states that the petitioner on the 19th day of January, 1934, in said court, was found guilty of embezzling thirteen hundred ($1300) dollars in bonds, the property of Sabra A. Bogue, to his own use and to the use of the LaGrange County Trust Company; that after judgment was rendered in the Steuben Circuit Court, the appellant appealed to this court and the judgment was affirmed April 10, 1936, by an opinion which is to be found in 210 Ind. 310, 1 N. E. (2nd) 127.

It is further alleged that on the 2nd day of February, 1932, the said Sabra A. Bogue filed a claim in the LaGrange Circuit Court in the matter of the liquidation of the LaGrange County Trust Company for the sum of $1300, which claim was based upon the fact of the delivery of said bonds in the sum of $1300 to the appellant and for which he was indicted and convicted on a charge of embezzling said bonds and appropriating them to his own use and the use of said trust company; that the claim was finally allowed as a preferred claim and the said Sabra A. Bogue recovered the full amount of her claim of $1300 and by reason thereof she did not suffer any loss; that at the time of the trial of appellant he did not know the legal status of said claim and consequently could not present the same to the jury. It is further alleged that there were many discrepancies of facts and circumstances in the evidence of the said Sabra A. Bogue as testified to in the trial of her claim and the trial of the appellant and that the appellant at the time of his trial was without means of knowing of said discrepancies. Said petition also alleges that one Rebecca Schenk was a witness at the trial of appellant and was permitted to give certain evidence which was improper and at vari-

ance to certain evidence she gave in the prosecution of a claim which she had filed against said trust company.

It is further alleged in said petition that at the conclusion of the evidence by the State of Indiana, and after the state had rested its case, the attorneys for the appellant, after consultation with appellant, and upon their advice, did not offer any evidence in defense of said charges which unduly prejudiced the jury in view of the fact that it then appeared that the said Sabra A. Bogue had lost the sum of $1300. It is further alleged that had the jury known that the said Sabra A. Bogue would not have lost the sum of $1300 the verdict of guilty would not in all probability have been rendered but that such facts were not known at the time of the trial, nor at the time a motion for a new trial was filed, nor the motion in arrest of judgment. It is finally alleged that justice has been circumvented and in legal effect a fraud has been perpetrated upon the court and that the petitioner has a proper and complete defense to the charge upon which he now stands convicted. Certain exhibits have been filed with the petition which in our judgment do not add any weight to the petition.

The error relied upon for reversal is that the court erred in sustaining the demurrer of the State of Indiana to the petition for a writ of error *coram nobis,* which demurrer was on the grounds of insufficiency of facts stated in the petition.

We think the demurrer was properly sustained. In the case of *Walter* v. *State* (1936), 210 Ind. 310, 1 N. E. (2nd) 127, referred to by the petitioner, it is so stated (pp. 316-317) :

> "The evidence introduced by the state fully supports all the material allegations of the indictment. Sabra Bogue was seventy-two years of age and the widow of Augustus Bogue, who had died two years before the transactions involved in this prosecution. At the time of his death he was the owner of

United States Liberty bonds registered in his name. The widow was his sole heir. She took $1,300 of bonds registered in her husband's name to the LaGrange County Trust Company on June 19, 1931, for the purpose of having them registered in her name. The appellant acted for the trust company in receiving the possession of said bonds from Sabra Bogue, and informed her that the bonds would be returned in a short time registered in her name. Instead of sending the bonds in for the purpose of registration, the appellant, after securing the necessary transfer documents, sent the bonds to the Old National Bank of Fort Wayne where the LaGrange County Trust Company was given credit on its account with that bank.

"The facts disclose that at the time the bonds came into the possession of the LaGrange County Trust Company, its cash reserve was low, its account with the Old National Bank was very low, and had been overdrawn, the state treasurer had deposited $10,000 of the state's funds with the trust company, and was threatening to withdraw the same, and several letters and copies of letters between the state treasurer and the appellant as secretary-treasurer of the trust company were introduced in evidence. Other letters and documents disclosing an effort upon the part of the appellant to secure funds from the Federal Intermediate Credit Company were introduced in evidence. Correspondence between the appellant and the bank commissioner of Indiana was introduced disclosing the strained financial condition of the trust company.

"It was under this strained financial condition of the trust company that it received said bonds from Sabra Bogue. Thereafter, from time to time, she called upon the appellant and made inquiry as to why her registered bonds had not been delivered to her. Each time the appellant informed her that he expected the bonds to be received within a few days. It is in evidence that, in addition to the Liberty bonds, Mrs. Bogue delivered an additional thousand dollars to the appellant with which to purchase Federal Land Bank Bonds, which was not done; that the thousand dollars and the thirteen hundred dollars of United States Liberty bonds, premiums and accrued interest, were deposited by the appellant in the Old National Bank to the credit

of the trust company. That the LaGrange County Trust Company was closed August 8, 1931. At the conclusion of the state's evidence, the appellant rested his case without offering any evidence in his own behalf."

We thus see that the petitioner here was convicted for the embezzlement of the bonds in question and appropriating them to his own use and to the use of the trust company. The fact that Sabra A. Bogue filed a claim for the amount in value of the bonds against the receiver of the bank and the same was allowed as a preferred claim and she recovered on said claim in no way affects or lessens the guilt of the petitioner on the charge for which he was convicted. Even though restitution is made or a recovery is had from some other source the crime of embezzlement still remains. If A steals a watch belonging to B he is guilty of larceny and the fact that the watch is found in a pawn shop and restored to A would in no respect lessen or erase the guilt of A of the charge of larceny. Moreover, if the watch had not been found A would have had a right to recover the value of the watch as against B. Likewise, in the instant case, Sabra A. Bogue had the right to file such a claim as she did and recover the value of the bonds but this fact did not change the fact that the petitioner was guilty of embezzlement.

The restitution of money or other property that has been either stolen or embezzled or the recovery of the value thereof does not bar a proscution by the indictment and conviction for such larceny or embezzlement. *Meadowcraft* v. *People* (1896), 163 Ill. 56, 45 N. E. 991. *Dean* v. *State* (1897), 147 Ind. 215, 46 N. E. 528. In the case of *Dean* v. *State, supra,* it is said (p. 223) : "It is not within the power of anyone who commits a crime, by restitution, payment or otherwise, before or after the commencement of the prosecution, to take away the right of

the state to insist upon a conviction for the crime committed."

It may be true, as petitioner says, that if the jury had known that Sabra A. Bogue had recovered the full amount of the value of the bonds, it would not have found the petitioner guilty of embezzlement. This is conjecture but, even so, the legal effect of the indictment remains the same.

In our judgment the petition utterly fails to state facts sufficient to sustain a writ of error *coram nobis.*

Judgment affirmed.