**James TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 680S189.

Supreme Court of Indiana.

Sept. 3, 1981.

Stephen C. Haas, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury found James Taylor guilty of Conspiracy to Commit Forgery. In a bifurcated proceeding, the jury also found appellant to be an habitual criminal.

This record indicates that the appellant took Sherlene Crenshaw, Theodore Weekly, and Juanita Crenshaw to Jerry's Market in Evansville to cash some checks which belonged to none of them. While in the car, Weekly gave Juanita an endorsed check and instructed her to go into the store, get some

groceries and cash the check. She and the appellant went into the store and successfully carried out the plan.

Next, appellant and Weekly gave Sherlene the same instructions. Weekly gave the check to appellant, who asked Sherlene to endorse it. She testified that she refused to sign the check, but appellant endorsed it. Sherlene went into the store, picked up some groceries and went to the check-out counter. Before cashing the check, the store clerk noticed it was listed as a stolen check and immediately called a police officer. Sherlene and the police officer went out to appellant's car where the arrests were made. As a result, appellant was charged with forgery, conspiracy to commit forgery and an habitual criminal.

Appellant claims the verdicts were inconsistent and contrary to law since he was acquitted of the forgery charge and only convicted of the conspiracy to commit forgery. As this Court has previously stated, "[t]he gist of the offense of conspiracy ... is a criminal agreement of two or more persons, the object of which is the commission of a felony. It is not required that a felony actually be committed or even be attempted." *Elmore v. State* (1978) Ind., 382 N.E.2d 893, 898. This Court further stated in *Woods v. State* (1980) Ind., 413 N.E.2d 572, 577, a conspiracy is "concurrence of sentiment and cooperative conduct in the criminal enterprise ...". Here, the jury failed to find the defendant guilty of the actual forgery, but found that he actively participated in a scheme to cash two forged checks. The verdict was neither inconsistent nor contrary to law.

Appellant next contends the evidence was not sufficient to support the conspiracy conviction. Uncorroborated testimony of an accomplice will support a conviction. *Kilgore v. State* (1979) Ind., 391 N.E.2d 820. Although there were inconsistencies between the testimony of Juanita and Sherlene Crenshaw and their out-of-court statements, these inconsistencies went to the weight of the evidence and did not make them incredible as a matter of law. *Haskett v. State* (1979) Ind., 395 N.E.2d 229.

It was for the jury to weigh the evidence and determine the credibility of the witnesses. *Bond v. State* (1980) Ind., 403 N.E.2d 812.

As long as the evidence and the inferences which may be drawn therefrom permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the conviction will stand. *Robinson v. State* (1977), 266 Ind. 604, 365 N.E.2d 1218. The evidence in this case adequately supports the conspiracy conviction.

Appellant claims the trial court erred in refusing to read to the jury his tendered instructions numbered four (4) and five (5). These instructions would have informed the jury that the accomplice testimony should be cautiously received and carefully scrutinized. In support of his claim, appellant refers to *Newman v. State* (1975) 263 Ind. 569, 334 N.E.2d 684 wherein this Court held that evidence that an accomplice had been granted immunity by the State in return for his testimony at trial, must be disclosed to the jury. The Court did not hold a special instruction on accomplice testimony must be given.

In *Turner v. State* (1972) 258 Ind. 267, 280 N.E.2d 621, 624, this Court specifically held the trial court's refusal to give an instruction to the jury identical to appellant's tendered instruction number four (4) in the instant case, was proper since such an instruction would "invade the province of the jury by commenting on the competency of or the weight to be given to the testimony of any particular witness who testifies in a case." This same infirmity exists in appellant's tendered instruction number five (5). The trial court did not err in refusing to give appellant's tendered instructions numbered four and five.

Appellant next claims there was insufficient evidence to support the verdict finding him to be an habitual criminal and that the verdict is contrary to law. Appellant contends various records of his prior criminal convictions and commitments were

improperly admitted into evidence. When confronted with a sufficiency argument, we will not reweigh the evidence. We will only look to that evidence which supports the verdict. *Norris v. State* (1979) Ind., 394 N.E.2d 144.

State's Exhibits six (6), seven (7) and eight (8) consist of the following documents: A copy of a Federal Judgment and Commitment Order, finding one "James Roy Taylor" guilty of possession of stolen mail and sentencing him to a term of two years; a copy of a fingerprint card of a "James Roy Taylor"; and a prison photograph of a "James Roy Taylor". Each of these documents indicates that they are the records of James Roy Taylor and that his prison identification number for this period of incarceration was 30279.

State's Exhibits nine (9) and ten (10) are, respectively, a Federal Judgment and Commitment Order, finding a "James Roy Taylor" guilty of forgery and sentencing him for a period of three years, and a fingerprint card. Each of these exhibits shows James Roy Taylor's prison identification number for this conviction to be 32090–138–A.

Gordon Pleus, the manager of the Record Department at the United States Penitentiary at Terre Haute, Indiana, testified he was the keeper of the records at the Penitentiary. Trial Rule 44(A)(1), which is made applicable to criminal trials through Criminal Rule 21, provides that proof of an official record may be evidenced by an official record or a copy attested to by the officer having legal custody of the record, or by his deputy. *Eldridge v. State* (1977) 266 Ind. 134, 361 N.E.2d 155, 158.

■ Mr. Pleus testified that State's Exhibits six, seven, eight, nine and ten were exact duplicate copies of documents in his custody at the Penitentiary, kept in his official capacity as custodian of the records. The trial court did not err in admitting these records into evidence.

Next, the prosecutor called Everett Long, a fingerprint expert, to the stand. Long stated that State's Exhibit number eleven was a fingerprint card of appellant which Long himself had taken. After comparing the fingerprints in Exhibits seven and ten with the impressions in Exhibit eleven, Mr. Long stated that it was his opinion the prints were all those of appellant.

■  By proving appellant had previously been convicted and sentenced for possession of stolen mail and forgery, which are both felonies, the State presented evidence sufficient to withstand appellant's challenge.

The trial court is in all things affirmed.

All Justices concur.