## VUNCANNON v. STATE OF INDIANA.

[No. 170S9. Filed June 3, 1970.]

*Charles E. Johnson, Marshall E. Williams,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellant was indicted for the crime of assault and battery with intent to gratify sexual desires. He pleaded not guilty, waived trial by jury and upon trial was found guilty of the lesser included offense of assault and battery.

There is only one issue we need to consider, namely, whether the evidence is sufficient to establish the finding of guilty of assault and battery. The evidence reveals that the prosecuting

witness was sixteen (16) years of age. His companion was a boy fifteen (15) years of age. On May 30, 1969, the prosecuting withness and his companion were selling newspapers which they had removed from a vending machine without paying for them. They were offered a ride by the appellant. After purchasing sandwiches at a nearby restaurant, the appellant took the two boys to his home. In the appellant's home the appellant showed the boys some "dirty movies." During the events in the home the appellant repeatedly asked the prosecuting witness "how big his privates were" and held out his hand. This much of the testimony of the prosecuting witness was corroborated by his companion. Then the prosecuting witness testified as follows:

"Q. Alright, then what happened, after he said that?

"A. Then we went in there and I don't know if he backed in to me or he grabbed me. I wasn't looking at the time, but then I went away from him and I said, 'Well, we got to go.' So he took us home.

"Q. Alright now, where did he grab you?

"A. The privates.

"Q. How did you feel when he did that?

> "MR. BAKER: Objection. He didn't say grab.

> "THE COURT: Overruled.

"Q. How did you feel when he grabbed you there?

"A. Kind of bad. So, me and Jimmie just wanted to get out of there.

"Q. Were you upset?

"A. Yes."

This is the only evidence in the record tending to show that the appellant touched the prosecuting witness in a rude, insolent or angry manner, as required by Burns' Ind. Stat. Anno. § 10-403. It is to be noted that the testimony of the prosecuting witness was not definite but in the alternative. He testified that he did not "know if he (the appellant) backed into me or grabbed me." It is further to be noted that the next question was leading, with the assumption included

therein that the boy was grabbed. On cross-examination the evidence is made no more definite. The only pertinent part of such cross-examination is as follows:

"Q. These alleged incidents in the defendant's home, did he ever attempt to use force on you?
"A. What do you mean by 'force'?
"Q. Did he grab a hold of you and tell you that you had to do anything, or . . .?
"A. No."

We add further that the only other material witness, the companion of the prosecuting witness, testified that he did not see the appellant touch the prosecuting witness.

It appears to us that this evidence lacks directness and freedom from uncertainty, qualities which substantive evidence of a probative value must have. A mere scintilla of evidence is not enough. Proof must be beyond a reasonable doubt.

"To exclude a reasonable doubt the evidence 'must induce such faith in the truth of the facts which the evidence tends to establish that a prudent man might, without distrust, voluntarily act upon their assumed existence, in matters of highest import to himself' and involving his dearest interests, under circumstances where he is not compelled to act at all." 1 Ewbank's Indiana Criminal Law § 425, p. 267.

Our function in this regard, as stated in *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739, is to determine whether or not the evidence is substantial and of probative value. Where the evidence tends only to support a conclusion of guilt it is insufficient; it must do so beyond a reasonable doubt. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658.

Suffice it to say that the rule requires substantial evidence and not a mere scintilla of evidence to support a finding upon conviction. From our view of the evidence as to whether or not the appellant touched the prosecuting witness in a rude, insolent and angry manner, we cannot help but be cognizant

of its uncertainty and vacillation. It does not support such a finding beyond a reasonable doubt. We conclude, therefore, that the evidence is insufficient as a matter of law to sustain the conviction. We need not discuss other alleged errors.

The judgment of the trial court is reversed with instructions to grant the appellant a new trial.

Hunter, C.J., Jackson, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 258 N. 2d 639.