MICHAEL BUCHANAN *v.* STATE OF INDIANA.

[No. 571S134. Filed March 6, 1972.]

*Thomas E. Alsip, Butler, Brown and Hahn,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was indicted for second degree burglary on September 30, 1969. Arraignment was waived and appellant entered a plea of not guilty. On January 22, 1971, appellant was found guilty, as charged by the court and was later sentenced to the Indiana State Reformatory for a period of not less than two (2) nor more than five (5) years and disenfranchised for one (1) year. Appellant's motion to correct errors was overruled and it is from that ruling that appellant has appealed.

On May 16, 1969, the Ohio Food Market, owned by Mr. Maurice Sherfield, was burglarized. Entrance to the store was made through the roof of the building and the burglar made off with approximately fifty dollars ($50.00). Officer William Richardson of the Indianapolis Police Department arrested the appellant, after he had seen him lingering around about two blocks from where the burglarized store was located, at a very late hour. Prior to the arrest of the appellant, which took place in his home, Officer Richardson had noticed insulation material, similar to that found in the hole in the roof at the Ohio Food Market, clinging to the clothing of the appellant. Earlier in the evening, Officer Richardson had questioned appellant about a car, which appellant was standing near; a car which Officer Richardson believed to be stolen. Officer Richardson was the investigating officer of the Ohio Food Market burglary.

The only issue raised by the appellant is whether or not there was sufficient evidence of probative value to sustain a conviction of second degree burglary. The state contends that defendant's physical presence in the area at an odd hour in the morning, coupled with the unexplained presence of insulation material on his pants is sufficient evidence upon which to sustain the conviction.

Directing our attention to the evidence presented at trial we note that no clothing of appellant's or material thereon was introduced into evidence by the State. The trousers were available in the police property room, but the state

did not see fit to either bring them into court or to make any analysis or comparison of the insulation from the roof and the material on the trousers. Such evidence was an important link in establishing appellant's connection with the crime, if such evidence was available. In addition no money or property allegedly taken from the market was introduced into evidence. From this we can only assume that none was found on the appellant. The settled rule in this state requires that the material facts in issue be supported by substantial and probative evidence in a criminal case on appeal, although we will not weigh such evidence. *Manlove* v. *State* (1968), 250 Ind. 70, 235 N. E. 2d 62; *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45. A scintilla will not support a finding of guilty, beyond a reasonable doubt. *Vuncannon* v. *State* (1970), 254 Ind. 206, 258 N. E. 2d 639.

In the cause before us the State has presented no substantial evidence of probative value linking the appellant to the scene of the crime and has presented no evidence that tends to show that the appellant had taken anything from the market. The state has failed in its duty to present substantial and probative evidence from which a jury could find, beyond a reasonable doubt, that appellant was the perpetrator of the Ohio Food Market Burglary.

Judgment of the lower court is reversed with directions to grant a new trial.

Hunter, Prentice, and Givan, JJ., concur; DeBruler, J., concurs with opinion.

CONCURRING STATEMENT

DeBruler, J.—I concur fully in the opinion of the majority, however, I vote to reverse the judgment and to require the trial court to discharge the defendant. *Banks* v. *State* (1971), 257 Ind. 653, 276 N. E. 2d 155; *Lawson* v. *State* (1971), 257 Ind. 666, 276 N. E. 2d 514.

Prentice, J., concurs.

NOTE.—Reported in 279 N. E. 2d 576.