MICHAEL L. MARTIN *v.* STATE OF INDIANA.

[No. 3-373A25. Filed August 23, 1973.]

*Fred R. Jones, Goodrich & Jones,* of Plymouth, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Michael L. Martin (Martin) was originally charged by affidavit on October 14, 1971, with the crime of theft. On May 19, 1972, an amended affidavit in two counts alleging theft and "theft of stolen property" was filed and trial by jury was commenced on July 31, 1972. At the close of all of the evidence, defendant Martin moved for a directed verdict. Such motion was overruled by the trial court. Thereafter, on August 1, 1972, a verdict of guilty on both counts was returned.

The court subsequently found that the jury's verdict on the count alleging theft excluded its finding of guilty as to theft of stolen property. Consequently, the verdict on the latter count was stricken from the record.

On August 15, 1972, the trial court overruled Martin's motion for *venire facias de novo* and also his motion in arrest of judgment. On the same day Martin was sentenced to the custody of the Indiana Department of Correction for a period of from one to ten years, fined $10 and costs, and was also disfranchised and rendered incapable of holding office of public trust for a period of five years.

Following the overruling of Martin's subsequent motion to correct errors on January 9, 1973, this appeal was perfected.

The evidence most favorable to the State indicates that Officer Thomas R. Wilson of the Plymouth Police Department was on routine patrol on the morning of October 13, 1971, and that he was accompanied by Dane Hoffien, a civilian friend.

At approximately 5 A.M., on October 13, 1971, during the course of Wilson's patrol, he noticed a large tan box protruding from the trunk of a car which passed in his vicinity. Further, both Wilson and Hoffien observed that one William Talbott was a passenger in the car although neither were able to identify the driver. Wilson then pro-

ceeded to follow the car but eventually lost sight of it. Having previous knowledge that the vehicle in question was owned by Michael Martin, Wilson and Hoffien drove directly to Martin's residence whereupon Wilson observed that the car they had been following was parked in an alley behind the house. With the aid of his spotlight, Wilson could see that the car's trunk lid was open. Shortly thereafter, Wilson observed Martin run to the car and slam the trunk lid. Martin appeared to look in Wilson's direction, then turned, and ran away.

Upon a search of the immediate area, Wilson discovered a bill changer with a small coin changer attached. The device was found lying in the grass on the opposite side of the alley from the Martin residence. Wilson recognized the changer as being of the type he had seen in a local laundromat. A later investigation at the Clean Quick Laundry revealed that such a device was, in fact, missing from the premises. Pry marks were found on the wall where it had once been and the electrical wire servicing the machine appeared to have been cut.

The device which was recovered by the police was later identified by the laundromat owner as being the changer which was maintained on the premises. The owner also estimated its value as being approximately $1,000.

The principal issue presented by this appeal is whether there was sufficient evidence to prove that Martin committed the crime of theft.

Martin contends that there is no evidence to establish that a theft actually occurred and, therefore, cites a failure to prove the *"corpus delecti."* Further, he asserts that there was no evidence of control or possession of the bill changer or that such control was not authorized by the owner. Although Martin concedes that circumstantial evidence can be the basis of a proper conviction, he contends that such evidence presented by the State, in the instant case, was not so

clear and convincing that guilt was established beyond a reasonable doubt. By reason of the above, Martin concludes that the verdict of the jury was contrary to law.

We are mindful that only where there is a lack of substantial evidence upon an essential element of the alleged crime, or where the evidence is without conflict and indicates only one reasonable conclusion and the trier of fact has reached a contrary result, will a verdict be disturbed by reason of insufficiency of the evidence. *Wojcik* v. *State* (1965), 246 Ind. 257, 260, 204 N.E.2d 866.

Further, in reviewing the sufficiency of the evidence to support conviction, the Court of Appeals may not weigh the evidence or determine the credibility of witnesses. We may only look to the evidence and the reasonable inferences flowing therefrom which support the finding of the trial court. *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E.2d 315, 33 Ind. Dec. 527. Moreover, the conviction must be affirmed if there is evidence of probative value susceptible to the inference that the defendant was guilty beyond a reasonable doubt. *Shank* v. *State, supra; McKinley* v. *State* (1972), 258 Ind. 348, 281 N.E.2d 91; *Harris* v. *State* (1972), 258 Ind. 341, 281 N.E.2d 85.

We are also cognizant of the fact that a criminal conviction may rest entirely upon circumstantial evidence. *Gunn* v. *State* (1972), 258 Ind. 374, 281 N.E.2d 484; *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E. 2d 219.

In the case at bar, the evidence adduced at trial is totally circumstantial. Such evidence indicates that Martin approached a car in the alley behind his residence, slammed the trunk lid, then turned and ran. Aside from the additional fact that Martin was found to be the owner of the suspicious vehicle, no other evidence tending to link him with the commission of a crime has been disclosed.

Our Supreme Court in *Banks* v. *State* (1971), 257 Ind. 653, 276 N.E.2d 155, at 158, stated that:

"The State is entitled to resort to circumstantial evidence in proving the essential elements of the crime charged; however, in order for that circumstantial evidence to be adequate, all reasonable hypothesis of innocence must be excluded. Hardesty v. State (1968), 249 Ind. 518, 231 N.E.2d 510; Osbon v. State (1938), 213 Ind. 413, 13 N.E.2d 223; Krauss v. State (1947), 225 Ind. 195, 73 N.E. 2d 676."

Moreover, in *Manlove* v. *State* (1968), 250 Ind. 70, at 77, 232 N.E.2d 874, at 878, the court stated that:

"The rule governing juries and trial courts in the trial of criminal cases is that where the evidence necessary for a conviction is wholly circumstantial in character it must be of such conclusive and persuasive force that it tends to point surely and unerringly to the guilt of the accused to an extent that it excludes every reasonable hypothesis of innocence." (Citing authorities.)

The State is required to sustain its burden of proof on each and every element of the crime charged. *Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32; *Faulkner* v. *State* (1973), 260 Ind. 82, 292 N.E.2d 594; *Buchanan* v. *State* (1972), 258 Ind. 112, 279 N.E.2d 576.

Accordingly, the State must establish that Martin knowingly obtained or exerted unauthorized control over the changer with the intent to deprive the owner of the use thereof. See: IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030, (Burns 1972 Cum. Supp.).

Herein, the existing circumstantial evidence indicates only a suspicion of guilt or opportunity to commit a felony. That Martin fled upon apparently noticing the presence of Officer Wilson casts upon appellant no more than a suspicion. Evidence of flight, standing alone, cannot serve as an adequate basis for conviction. *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759, 33 Ind.

Dec. 22. If the evidence merely alludes to a suspicion of guilt, such evidence is insufficient to sustain a conviction. *Easton* v. *State* (1967), 248 Ind. 338, 349, 228 N.E.2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 59, 138 N.E.2d 641.

Reasonable hypotheses of innocence abound. The fact that such theories are viable is indicative of the State's failure to sustain the required burden of proof and, more specifically, is attributable to a failure to establish that Martin "obtained or exerted unauthorized control" over the changer.

An examination of the record indicates that although William Talbott was granted immunity from prosecution pursuant to the same affidavit which charged Martin, he nevertheless refused to testify in the instant case and was thereafter held in contempt of court. In view of this development during the trial, we are sympathetic toward the prosecutor's attendant dilemma. However, were we to conclude that the evidence presented disclosed more than a mere suspicion of guilt, the liberty of many innocent persons would be placed in jeopardy.

The judgment of the trial court is therefore reversed and this cause remanded with instructions to sustain the defendant's motion for a directed verdict and, accordingly, enter a finding of not guilty.

Reversed with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 300 N.E.2d 128.