Leroy KILGORE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1178S272.

Supreme Court of Indiana.

July 19, 1979.

Herbert W. Johnson, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Robbery, Class B, in a trial by jury and sentenced to twenty years imprisonment. On appeal, he raises the following issues for our review:

(1) Whether there was sufficient evidence to sustain the verdict.

(2) Whether the defendant was denied his presumption of innocence throughout the trial and whether "the jury failed to reconcile all of the evidence with the theory of the defendant's innocence, where such evidence, taken as a whole, clearly demonstrated his innocence."

\*   \*   \*   \*   \*   \*

ISSUE I

The defendant contends that the evidence was insufficient on the element of identification. He contends that the identification was based solely upon the testimony of Mark Hurt, a codefendant who turned State's witness, and that such testimony was not credible.

As a court of review, we will neither reweigh the evidence nor judge the credibility of the witnesses, *Robinson v. State,*

(1977), 266 Ind. 604, 365 N.E.2d 1218; rather, we will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom to determine whether a reasonable juror could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

The evidence when viewed in such light indicates that the defendant and a companion, Mark Hurt, forced their way into the Heritage House Smorgasbord in Indianapolis, Indiana, on November 20, 1977, aimed a gun at the manager, forced him to open the safe and fled with over $5000.00 in cash.

■ That Hurt was testifying as part of a plea bargain agreement goes only to the credibility of his testimony, not to its competence. *Coleman v. State,* (1975) 264 Ind. 64, 67, 339 N.E.2d 51.

■ Defendant's reliance upon *Vuncannon v. State,* (1970) 254 Ind. 206, 258 N.E.2d 639, is misplaced. In that case, concerning a charge of assault and battery with intent to gratify sexual desires, the prosecuting witness could not say whether the defendant had accidently backed into him or had deliberately grabbed him. Thus the State failed to prove that the defendant had touched the prosecuting witness in a rude, insolent or angry manner. In so holding, this Court stated, "It appears to us that this evidence lacks directness and freedom from uncertainty, qualities which substantive evidence of a probative value must have. A mere scintilla of evidence is not enough." *Id.* at 208, 258 N.E.2d 640. However, the facts of the *Vuncannon* case are in sharp contrast with the facts of the case at hand. In the case before us, Hurt stated unequivocally that the defendant was his accomplice in the robbery. Standing alone this would withstand a challenge to the sufficiency of the evidence, although it may be subject to considerable question for credibility. Furthermore, his testimony did not stand alone but was supported by the testimony of several victims of the robbery who testified that the defendant appeared to be the man who had robbed them—although they could not so state with absolute certainty.

Defendant also cites certain inconsistencies in the testimony of the State's witnesses; however, we have considered these inconsistencies and have determined that they are inconsequential.

## ISSUE II

■ Defendant presented an alibi defense. He testified that he was in Nashville, Tennessee on the day of the robbery. His testimony was corroborated by four alibi witnesses who stated that the defendant could not have committed the robbery because they had seen him in Nashville, Tennessee on or about the time of the robbery. He cites various points of law from diverse cases, to-wit: the accused is entitled to a presumption of innocence, all doubts must be resolved in favor of the innocence of the accused, the State must exclude any rational hypothesis of innocence, and the presumption of innocence is not overcome by mere proof of opportunity to commit a crime. The defendant then argues that the jury failed to carry out its function and duty properly when it chose to believe the testimony of Hurt instead of the defendant's alibi defense. Again, the defendant attacks the credibility of Hurt's testimony and ignores the corroborating testimony of other witnesses for the State. The conflict between the State's case and the alibi defense was a matter to be resolved by the jury—who, as the trier of fact in this case, was the sole judge of the weight and credibility of the evidence. *Foster v. State,* (1974) 262 Ind. 567, 320 N.E.2d 745; *Jackson v. State,* (1973) 260 Ind. 61, 291 N.E.2d 892.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.