**William F. OLINGER a/k/a William F. Ollinger, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1082S402.

Supreme Court of Indiana.

June 15, 1984.

**1386**

Lewis N. Mullin, Delphi, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a conviction on a verdict finding appellant guilty of burglary, a class C felony, under Ind.Code § 35–43–2–1, and also finding him to be a habitual offender under a separate recidivist count pursuant to Ind.Code § 35–50–2–8. He was ordered imprisoned for seven years on the burglary count and thirty years on the habitual offender count. The claims on appeal are that the evidence was insufficient to convict and that the sentence is erroneous.

The information charged a break-in with the intent to steal of the Mode O'Day Women's Clothing Store on Main Street in Delphi, Indiana on the 23rd day of November, 1981.

The core of the prosecution's case came from Barbara Clawson, the owner of the women's apparel shop, *the confederate* Joey Gibson, and the confederate's girlfriend, Patricia McLaughlin. The owner testified that her shop was broken into and clothing, jewelry and cash stolen, on the night of November 22–23, 1981. Joey Gibson testified that he and his father and appellant broke into the shop and stole the items. Patricia McLaughlin testified that Joey Gibson, his father, and appellant came to her house in Lafayette, Indiana between three and four a.m. on November 23, 1981, with a green garbage bag containing women's clothing, jewelry and a radio. Appellant sorted out and took some things which would fit his wife. At the time he stated that he left a personal item of his inside the place from which they had stolen the items. The items which were then left in the house in Lafayette were later turned over

to police and identified at trial as being items stolen from the shop.

Appellant claims that the evidence was lacking in substance in that much of it came from an alleged confederate Joey Gibson who testified to his own benefit under a grant of immunity by the police, and who gave contradictory versions of various events. To this he adds the fact that none of the stolen items were found about his trailer or in his possession when the police searched the area. In determining this question of insufficiency of evidence we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ Joey Gibson made statements in his deposition regarding the precise point and manner of entry into the clothing store and the precise time when he, his father and appellant committed another burglary, that of the lumber company in Logansport. He contradicted those statements in his testimony at trial. In attacking the testimony of Gibson, appellant also contends that he was an unreliable witness, in that he testified under immunity granted by the prosecution. Moreover, it is pointed out that his testimony at trial differed from statements made by him in his deposition regarding the precise point and manner of entry into the clothing store and the precise time when he, his father and appellant burglarized the lumber company in Logansport. Defense counsel had ample opportunity to point these disparaging factors out to the jury, and did so. Such contradictory statements were considered in the sufficiency of evidence context in *Haskett v. State*, (1979) 271 Ind. 648, 395 N.E.2d 229. The effect of

a grant of immunity in this context was considered in *Kilgore v. State*, (1979) 271 Ind. 257, 391 N.E.2d 820. In both instances this Court concluded that these aspects of human testimony, like the factual conflict between witnesses, are legitimate claims to be asserted before the trier of fact, that they are of the highest importance in the process of determining the weight and credibility of testimony, but that they do not provide the basis for a successful appellate claim of insufficiency of evidence.

■ Appellant also claims that the fact that he was not found in possession of stolen items, when considered in relation to the above, demonstrates a lack of substantial character in the State's case. While the assertion is true, it ignores the testimony of Patricia McLaughlin, which placed him in physical possession of such items about two hours after the break-in. Her testimony was itself susceptible of belief, and was corroborative of like testimony of Joey Gibson. The conflict between assertions of fact by defense witnesses and those of the State's witnesses is for final resolution by the trier of fact and not an appellate court, unless it may be said that the testimony of the State's witness was inherently improbable and runs counter to human experience. *Haskett v. State, supra.* Such is not the case here. The evidence was clearly sufficient to warrant this conviction.

■ Appellant next points out that the language used in the commitment is incorrect. This Court has construed the habitual criminal statute as contemplating an enhancement of the sentence given for the instant conviction by an additional thirty years. *Hernandez v. State*, (1982) Ind., 439 N.E.2d 625. There should be but one sentence totaling thirty-seven years in this case.

The cause is therefore remanded to the trial court with instructions to correct the judgment and to issue a corrected commit-

ment to the Department of Correction. In all other aspects the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.