**Michael GEBHARD,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–685A153.**

Court of Appeals of Indiana,
First District.

Oct. 23, 1985.

George C. Barnett, Jr., Barnett & Barnett, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Michael Gebhard, was convicted on December 6, 1984, of disorderly conduct, a Class B misdemeanor, in the Vanderburgh Circuit Court. From a sentence of 180 days, all suspended to probation, and a $200.00 fine plus court costs, he appeals.

We reverse.

## STATEMENT OF THE FACTS

This is the second appeal in this case. The Information charging disorderly conduct of which Gebhard was originally convicted was held by us to be too vague to appraise him of the charge against him. *Gebhard v. State* (1984), Ind.App., 459 N.E.2d 58.

On February 10, 1984, upon remand, the trial court gave the State seven days to file an Amended Information. On February 17, 1984, the State filed an amended disorderly conduct charge. On February 29, 1984, Gebhard filed a Motion for Discharge under Ind. Rules of Procedure, Criminal Rule 4(C). After taking the matter under advisement, the trial court, on March 9, 1984, overruled the motion. On April 9, 1984, Gebhard filed a Motion to Dismiss the Amended Information alleging that the Information failed to state an offense. The trial court overruled the motion on May 21, 1984. After numerous delays and postponements the trial commenced on December 5, 1984. The following day the jury returned a guilty verdict on the disorderly conduct charge. On December 10, 1984, the trial court rendered judgment and sentenced Gebhard to 180 days, all suspended to probation, and fined him $200.00 plus court costs. Gebhard subsequently filed a timely appeal.

## ISSUES

Gebhard alleges a number of errors. However, insomuch as we are reversing, we shall only address the issue of whether the Information failed to allege facts which constitute a public offense as raised in Gebhard's brief as Issue B(1).

## DISCUSSION AND DECISION

At the onset we point out that IND. CODE 35-34-1-6 states that an information is defective if it does not conform to the requirements of IND. CODE 35-34-1-2(a). Subsection (4) of 2(a) requires an information to allege the commission of an offense and to set forth the elements thereof. A ground for a motion to dismiss exists when "the facts stated do not constitute an offense." IND. CODE 35-34-1-4(a). Under subsection (b)(2) a motion to dismiss is timely if filed within 10 days before the omnibus date. There is no question here that the motion was timely. The supreme court in *Brown v. State* (1982), Ind., 442 N.E.2d 1109 held that the failure to timely challenge an information by a motion to dismiss on the basis that it did not charge an offense, waived the issue on

appeal. By so holding the court inferentially held that a timely motion to dismiss on that ground preserved the issue on appeal despite a guilty verdict. We therefore hold that the issue is properly before us.

The State's Amended Information charged that:

"[Gebhard] did knowingly engage in tumultuous conduct, to-wit: by walking out into the hallway of the apartment house located at 700 Senate Avenue, in the City of Evansville, County of Vanderburgh, State of Indiana, and displaying a .45 caliber handgun in his hand with the purpose of confronting anyone in the hallway, which conduct was likely to result in serious bodily injury to any person standing in the hallway, all in violation of I.C. 35–45–1–3(1)."

"Disorderly conduct" is statutorily defined as follows:

"A person who recklessly, knowingly, or intentionally:

(1) engages in fighting or in tumultuous conduct;

(2) makes unreasonable noise and continues to do so after being asked to stop;

(3) disrupts a lawful assembly of persons; or

(4) obstructs vehicular or pedestrian traffic;

commits disorderly conduct, a Class B misdemeanor."

IND. CODE 35–45–1–3.

"Tumultuous conduct" is statutorily defined as follows:

"[C]onduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property."

IND. CODE 35–45–1–1.

Webster's Third New International Dictionary, p. 460 (14th ed. 1966) defines "tumultuous" as (1) "marked by tumult: full of commotion and uproar: riotous; stormy; boisterous ..." (2) "tending or disposed to cause or incite a tumult ..." (3) "marked by violent and overwhelming turbulence or upheaval...." "Tumult" is defined as (1a) "disorderly and violent movement, agitation or milling about, of a crowd accompanied usually with great uproar and confusion of voices: commotion, turmoil ..." (1b) "a noisy and turbulent popular uprising: disturbance, riot ..." (2a) "a confusion of loud noise and usually turbulent or agitational movement...."

42A Words and Phrases, p. 460 (1952) defines "tumult" as "a promiscuous commotion of a multitude; an irregular violence; a wild commotion. A 'civil commotion,' therefore, requires the wild or irregular action of many persons assembled together." (Citation omitted.)

90 C.J.S., p. 964 (1955) defines "tumult" and "tumultuous" as:

"TUMULT. A promiscuous commotion in a multitude; a wild commotion; an irregular violence. 'Tumults' and 'brawls' have been held to be substantially identical ...

TUMULTUOUS. Boisterous; conducted with disorder; disorderly; noisy; also confused." (Citations omitted.)

The operative words describing the conduct proscribed in the disorderly conduct statute, in addition to tumultous conduct, are fighting, noise, disrupts, obstructs. IND. CODE 35–45–1–1 categorizes the offense of "disorderly conduct" under the heading of "Offenses Against Public Order," which also includes "rioting" and "flag desecration."

It is a fundamental rule of construction that a statute should be construed so as to ascertain and give effect to legislative intent. *Bowman v. State* (1979), Ind.App., 398 N.E.2d 1306. In doing so we look to the whole act, the law in existence before and the motive for making it. *Bowman, supra.* We must construe it according to its plain meaning. *Bowman, supra.* Words and phrases shall be taken in their plain, ordinary and usual sense unless a different purpose is manifested by the statute itself. *Overlade v. Wills* (1955), 234 Ind. 436, 127 N.E.2d 686.

Through the term "tumultuous conduct" has been defined by IND. CODE 35–45–1–1, that definition, in light of the

title to the chapter, the operative words used, the purpose of the act and the legal as well as dictionary definitions, does not obviate physical activity on the part of the defendant, but indeed contemplates physical activity on his part rising to the level that either people are seriously injured or property substantially damaged, or that either is likely to occur.

The Information against Gebhard charges "tumultuous conduct" under IND. CODE 35–45–1–3(1). Tumultuous conduct is defined as conduct likely to result in "serious bodily injury to a person or substantial damage to property." IND. CODE 35–45–1–1. The Information charges neither. Further, it does not charge that the pistol was loaded or that Gebhard possessed it illegally. Finally, it fails to charge that any other person was in the hallway or that he threatened or menaced anyone. Stripped to its essence, the Information charges that Gebhard walked into an empty hallway, with an unloaded pistol in hand, with the purpose of "confronting anyone in the hallway." (We assume this means a chance encounter, as no particular individuals are designated.) That act, continues the Information, "was likely to result in serious bodily injury to any person standing in the hallway...."

"Confront" can mean a number of things such as coming face to face with; stand in front of; to face with hostility; oppose defiantly, meet; or encounter. *See* American Heritage Dictionary of the English Language, p. 280 (1978); *see also,* Websters Third International Dictionary, p. 477 (1967). None of the definitions of "confront" are necessarily synonomous with tumultuous conduct that results in or likely to result in "serious injury". We know of no crime as "confronting."

Though not articulately stated, we presume that the theory of the State's case is that Gebhard's presence in the hall with a pistol posed a danger to residents of the apartment house should he encounter them. However, the Information makes no claim of encounter, threat or injury. Thus,

it charges a potential crime or a speculative contingency.

 Unless statutorily stated otherwise, it is black letter law that in order to constitute a crime "criminal intent ... must unite with an overt act, and they must concur in point of time." 8 I.L.C. *Criminal Law*, Sec. 10 (1971). There must be a criminal act or omission as well as criminal intent. *Chandler v. State* (1895), 141 Ind. 106, 39 N.E. 444. A felonious intent unconnected with an unlawful act constitutes no crime. *Chandler, supra, Parmlee v. Sloan* (1871), 37 Ind. 469. "Mere criminal intention is not punishable." 22 C.J.S. *Criminal Law*, Sec. 37(a) (1961). A person can only be punished for an offense he has committed and never for an offense he may commit in the future. 22 C.J.S., *supra*, at Sec. 37(b). A crime cannot be predicated upon future acts or upon contingencies or the taking effect of some future event. 22 C.J.S., *supra.*

 Mere presence at the scene is not sufficient for conviction. *Bond v. State* (1971), 257 Ind. 95, 272 N.E.2d 460; *Beard v. State* (1983), Ind., 448 N.E.2d 1078. Where the evidence warrants mere suspicion, it is insufficient. *Briscoe v. State* (1979), 180 Ind.App. 450, 388 N.E.2d 638; *Martin v. State* (1973), 157 Ind.App. 380, 300 N.E.2d 128. An opportunity to commit a crime is also insufficient to convict. *Briscoe, supra; Martin, supra.*

 Criminal attempt is not charged here. The statute creates an offense only when the defendant *"engages in ...* tumultuous conduct." (Emphasis added.) The words "engages in" obviously requires present, completed conduct which is likely to injure persons. The Information here charges an offense that may happen, a future act, a contingency, that is, a chance encounter with some person or persons. Walking in an empty hall with a pistol is not tumultuous conduct because it does not rise to the level that persons are immediately likely to be seriously injured. It merely anticipates and suspects future acts, or contingencies. IF persons had ap-

peared and IF Gebhard had menaced them with a loaded pistol, a different result may have been reached. As the Information is merely a speculation of future acts, it is not actionable.

For the above reasons, this cause is reversed and the trial court is ordered to dismiss the Information.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.