## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2020, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patrick McCartney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 21, 2020

Court of Appeals Case No.
19A-CR-1992

Appeal from the
Hendricks Superior Court

The Honorable
Stephenie Lemay-Luken, Judge

Trial Court Cause No.
32D05-1904-F5-52

**Vaidik, Judge.**

# Case Summary

[1] Patrick McCartney appeals his conviction for Level 6 felony invasion of privacy, arguing that it is not supported by sufficient evidence. We affirm.

# Facts and Procedural History

[2] McCartney married J.N. ("Mother") in 2009. Their son, B.M. ("Son"), was born in March 2013. In November 2016, Mother filed for divorce and requested a protective order, alleging that McCartney had abused and threatened her. Mother was granted a two-year protective order that prohibited McCartney from, among other things, "directly or indirectly communicating with" Mother. Trial Ex. 18. After the divorce was finalized in November 2017, the protective order was extended until December 2028.

[3] The divorce court granted McCartney parenting time that included Facetime calls with Son. To enable Son to use Facetime on her iPad, Mother created an iCloud email address for Son, and the email address was provided to McCartney. Between March 13 and March 20, 2019, shortly after Son's sixth birthday, McCartney sent numerous emails to Son's email address, including the following:

> Good morning [Son]! Your always in my heart even though evil people keep u and I apart God will bless u and I and those who have done wrong will be dealt with God's wrath! I love u little boy!!!!!

Good morning son!!!!!!!  Your father's love for u is forever and know one can ever take that away!  Not with their lyes and behind back talk and evil!  I'm thinking of you and miss us so much!

For the eyes of the Lord are over the righteous, and his ears are open unto their prayers: but the face of the Lord is against them that do evil.  1 Peter 3:12 KJV

Good morning [Son]!  I love you son!  Our bond will always be with each other my boy, and one day soon we will be in each other's arms and be as father and son with love for one and other.  Always praying for you that God keeps you safe and that your surroundings are healthy and his love for you and I are abundant!  Evil people will never prevail son!  Love u always

Trial Ex. 5.  Mother saw the emails on her iPad, read them, and, believing that McCartney had violated the protective order, contacted law enforcement.

[4]     The State charged McCartney with Level 6 felony invasion of privacy (elevated from a Class A misdemeanor because he was convicted of the same offense in August 2017).  *See* Ind. Code § 35-46-1-15.1(a).  A jury trial was held, and Mother testified that she believed the emails were actually intended for her because Son did not know how to access the emails, let alone read them, "[t]he content was all of the same things that I had been hearing in the previous messages that I had received," and "the words that were used regarding evil and wrath and God and the enemy, those are all words that I've heard before."  Tr. Vol. III pp. 20, 30.  The State introduced printoffs of several such messages from McCartney to Mother as an exhibit.  Trial Ex. 2.  The jury found

McCartney guilty of invasion of privacy, McCartney admitted that he has a prior conviction for the same offense, and the trial court sentenced him to two years in prison.

[5] McCartney now appeals.

# Discussion and Decision

[6] McCartney contends that the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[7] McCartney was charged under Indiana Code section 35-46-1-15.1(a)(1), which provides that a person who knowingly or intentionally violates "a protective order to prevent domestic or family violence or harassment issued under IC 34-26-5" commits invasion of privacy. As noted above, the protective order in this case prohibits McCartney from "directly or indirectly communicating with"

Mother. McCartney concedes that he indirectly communicated with Mother, but he argues that the State failed to prove that he did so knowingly or intentionally. Specifically, he asserts that there is not enough evidence to support the jury's conclusion that he "sent the emails to his son knowing or intending that [Mother] would receive them." Appellant's Br. p. 8. We disagree.

[8] "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." *Id.* at (b). These elements may be proven by circumstantial evidence alone and may be inferred from the facts and circumstances of each case. *McMiller v. State*, 90 N.E.3d 672, 675 (Ind. Ct. App. 2017). Here, the State presented evidence that Mother set up Son's email address solely to facilitate Facetime calls, that Son did not know how to access emails sent to the email address, and that even if he had known how to access the emails he would not have been able to read them. More importantly, the State presented evidence, both testimony and an exhibit, that some of the language used in the emails, such as "evil" and "wrath," matched language McCartney used toward Mother in earlier messages to her. Taking all this evidence together, it was not unreasonable for the jury to conclude that it was McCartney's "conscious objective" for the emails to be read by Mother or at least that he was "aware of a high probability" that Mother would read them.

[9] Affirmed.

Najam, J., and Tavitas, J., concur.